UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUZANNE DAUGHETY                           CIVIL ACTION

VS.                                        NO. 2:18-CV-2857

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Suzanne Daughety respectfully alleges:

1. This is a claim for ERISA long term disability benefits and waiver of life insurance premium benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Suzanne Daughety**, of lawful age and a resident of Grand Prairie, Texas, is a plan participant and beneficiary of an ERISA plan created by her employer, Texas Health Resources and an insured participant of a group disability policy issued by Life Insurance Company of North America.

4. Defendant, **Life Insurance Company of North America ("LINA")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, LINA is incorporated in Philadelphia, Pennsylvania, and its principal place of business is in the state of Pennsylvania.

5. LINA issued group policies, FLK-0980059 (LTD) and FLX-980169 (life insurance), insuring the employees of Texas Health Resources. Plaintiff is a beneficiary and insured under the policies.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  <u>29 USC Sec. 1104(a)(1)</u>.

7. Plaintiff filed a claim for long term disability benefits and waiver of life insurance premium benefits with the Plan because her medical condition precludes her from gainful employment.

8. Plaintiff is disabled under the terms of the disability policy and the life insurance policy issued by LINA.

9. Plaintiff suffers from the following conditions that preclude her ability to maintain fulltime gainful employment:  congestive heart failure, fibromyalgia, chronic osteoarthritis with bulging disks, disk deterioration, stenosis with impingement, severe pain, forgetfulness, chronic fatigue, memory problems, diffuse pain, constant low level of vertigo, and LEMS disease.

10. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

11. Although LINA originally approved benefits, LINA terminated such benefits stating that it believed Plaintiff is no longer disabled under policy terms.

12. LINA unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy and the terms of the life insurance policy.

13. Plaintiff appealed the denials, but LINA upheld its previous decision.

14. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

15. Plaintiff has exhausted her administrative remedies and now timely files this suit to reverse LINA's denial of benefits.

16. LINA has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

17. LINA has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

18. LINA has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

19. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

20. LINA has failed to give the policy and Plan a uniform construction and interpretation.

21. LINA chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

22. As a routine business practice, LINA uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

23. LINA's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

24. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

25. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

26. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

27. Alternatively, this claim is not governed by ERISA because Plaintiff's disability policy was part of a non-ERISA plan, so Plaintiff's disability claims are governed by Louisiana law.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)(T.A.)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willlefordlaw.com